NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL MATTINGLY,<br><br>   Plaintiff - Appellant,<br><br> v.<br><br>CALIFORNIA DEPARTMENT OF PARKS AND RECREATION; PETE ESTES; ALEX TABONE; CHRIS WEAVER; RYAN THORNE; ANDREW FILOUS; KEVIN WARD; SCOTT ACKERMAN; JOE WALTERS; GABE MCKENNA,<br><br>   Defendants - Appellees. | No. 25-290<br><br>D.C. No.<br>5:23-cv-03754-VKD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Virginia Kay DeMarchi, Magistrate Judge, Presiding

Submitted July 15, 2026[**]

Before: McKEOWN, OWENS, and LEE, Circuit Judges.

Michael Joseph Mattingly ("Mattingly") appeals from a jury verdict in favor

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of seven peace officers of the California Department of Parks and Recreation ("Parks"). The parties are familiar with the facts, and we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We identify no "obvious" error affecting Mattingly's "substantial rights," and thus no plain error, in his unpreserved challenge to the retaliation jury instruction. *C.B. v. City of Sonora*, 769 F.3d 1005, 1017–18 (9th Cir. 2014) (en banc); Fed. R. Civ. P. 51(d)(2). The district court correctly instructed the jury that in a Section 1983 suit, "probable cause . . . generally defeat[s] a retaliatory arrest claim," except in "circumstances where officers have probable cause to make arrests, but typically exercise their discretion not to do so." *Nieves v. Bartlett*, 587 U.S. 391, 406 (2019).[1] There is no plain error that "reach[es] the pinnacle of fault" in this instruction. *Sonora*, 769 F.3d at 1018.

There is likewise no plain error in the unpreserved challenge to the probable-cause jury instruction. *Id.* The denial of Mattingly's preferred limiting instruction—that failure to answer questions does not constitute obstruction under California Penal Code Section 148(a)(1)—did not affect his substantial rights. It is true that "verbal protests could not support an arrest under § 148," *Mackinney v.*

---

[1] For this reason, there is also no inconsistency between the jury's finding that Mattingly's activity was constitutionally protected and its finding that Parks peace officers had probable cause to arrest him for violation of California Penal Code Section 148(a)(1).

*Nielsen*, 69 F.3d 1002, 1007 (9th Cir. 1995), and that in the retaliatory arrest context, "even an outright refusal to cooperate with police officers cannot create adequate grounds for police intrusion *without more*," *Hill v. City of Fountain Valley*, 70 F.4th 507, 515 (9th Cir. 2023) (citation modified).  But this case was tried precisely to resolve factual disputes about Mattingly's conduct beyond his refusal to identify himself, including whether he was arrested, whether he stepped into Sergeant Estes's path instead of standing back as instructed, and whether he hampered officers in their efforts to clear the beach.  In the absence of plain error, Mattingly has not carried the burden of establishing entitlement to relief.  *United States v. Williams*, 172 F.4th 791, 800 (9th Cir. 2026).  Separately, he has also "not offered any factually analogous case 'clearly establishing' that the officers' actions were unlawful under these circumstances." *Hill*, 70 F.4th at 517.

Reviewing de novo Mattingly's preserved objection to the instruction regarding the constitutionality of Twin Lakes State Park Beach regulations regarding park hours, fire locations, and alcohol consumption, *see Chess v. Dovey*, 790 F.3d 961, 970 (9th Cir. 2015), we also affirm.  Mattingly's argument is based on a provision of the California Constitution that concerns "[a]ccess to the navigable waters of th[e] State" and expressly requires "the Legislature [to] enact . . . laws" to provide such access.  Cal. Const. art. 10, § 4.  Mattingly cites no law that confers a private right of action against the Parks to bring this claim.

3                                                                25-290

Mattingly's remaining arguments fail. The district court did not abuse its discretion by excluding legal conclusions from witness examinations. *See United States v. Crawford*, 239 F.3d 1086, 1090 (9th Cir. 2001), *as amended* (Feb. 14, 2001). The court also "acted within its discretion by simply referring the jury to the instructions" when the jury asked for supplemental legal materials. *Arizona v. Johnson*, 351 F.3d 988, 995 (9th Cir. 2003). We finally reject Mattingly's arguments about jurors' post-verdict intimations to him in the courthouse hallway because we "may not receive . . . evidence of a juror's statement on . . . matters" related to "the jury's deliberations," "the effect of anything on . . . [a] juror's vote", or "any juror's mental processes concerning the verdict." Fed. R. Evid. 606(b)(1).

**AFFIRMED.**